# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## SOUTHEASTERN DIVISION

| | |
|---|---|
| **ALISSA FAROL and FRANCES LUNDBLAD,** Individually and On Behalf of All Others Similarly Situated, | Court File No. _____ |
| Plaintiffs, | |
| vs. | **CLASS ACTION COMPLAINT** |
| **TARGET CORPORATION,** | |
| Defendant. | |

## COMPLAINT

Plaintiffs Alissa Farol and Frances Lundblad ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this class action against **TARGET CORPORATION** ("Target"), and respectfully show the following:

## INTRODUCTION

1. This class action is based on Target's data breach during November 27, 2013 to December 15, 2013, where millions of Target shoppers' personal and financial information was obtained by hackers, as a result of Target's inadequate or unreasonable security measures.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter presented by this Class Action Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any defendant, and in which the matter in controversy

exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1332(d)(2), Plaintiffs allege that the total claims of the individual members of the plaintiff Class in this action are in excess of $5,000,000.00, in the aggregate, exclusive of interest and costs, and diversity of citizenship exists under CAFA because Plaintiffs are citizens of North Dakota and Target is a Minnesota corporation.

3. This Court has personal jurisdiction because Target is authorized to do business in the State of North Dakota, and operates within this Judicial District.

4. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(a), because many of the acts and transactions giving rise to this action occurred in this Judicial District and because Target is subject to personal jurisdiction in this Judicial District.

## PARTIES

5. Plaintiff Alissa Farol and Plaintiff Frances Lundblad used credit cards and/or debit cards to pay for purchases made at the Fargo, North Dakota Target store between November 27, 2013 and December 15, 2013.

6. Both Plaintiffs are residents of North Dakota.

7. Defendant **TARGET CORPORATION** is a Minnesota corporation with its principal place of business located in Minnesota, operating retail stores throughout the United States and in North Dakota.

8. Defendant processed the credit card and debit card transactions of Plaintiffs and members of the putative class that yielded the sensitive customer financial information that was stolen from Defendant.

## **FACTS**

9. Defendant is one of the largest retailers in the United States. Defendant owns and operates more than one thousand retail stores and has a major online marketplace. A number of Target retail stores are located in North Dakota.

10. On December 19, 2013, Target publicly announced that it discovered that its computer system had been compromised in all their U.S. stores and that anyone who made credit or debit purchases from November 27, 2013 to December 15, 2013 had their name, credit and/or debit card number, the card's expiration date and the CVV compromised by a serious security breach that occurred when an unauthorized intruder or intruders gained access to Target's payment card data.

11. The Breach resulted in the theft and/or compromise of private, nonpublic personal and financial information belonging to millions of Defendant's customers, including Plaintiffs and members of the putative Class, that has left them exposed to fraud and identity theft.

12. During the Target Breach, the intruders may have also gained access to other private customer information, including customer driver's license numbers (which may contain social security numbers) and checking account information relating to return and exchange transactions.

13. The Plaintiffs' and Class members' credit card, check card and debit card information, driver's license numbers, social security numbers, checking account information, and other personal and financial information stolen and/or compromised by the Target breach are generally referred to herein as "Sensitive Personal Information".

14. Defendant indicated that it began investigating the incident "as soon as [they] learned of it" but it did not contemporaneously disclose the breach to Plaintiffs and putative class members.

15. Upon information and belief, at the time of the breach, Defendant stored its customers' Sensitive Personal Information on its "Target Payment Card Data" system in violation of Payment Card Industry ("PCI") data security standards and/or card association standards and/or statutes and/or regulations aimed at protecting such information.

16. The Sensitive Personal Information of the Plaintiffs and Class members compromised by the Breach includes, without limitation, information that was improperly stored and inadequately safeguarded in violation of, among other things, industry standards, rules and regulations.

17. Defendant handles and processes Defendant's credit card and debit card transactions and were (and continue to be) responsible for ensuring that Defendant met PCI data security standards and/or card association standards and/or statutes and/or regulations aimed at protecting such information.

18. Upon information and belief, Defendant failed to monitor and/or ensure Defendant's compliance with such standards, statutes and/or regulations.

## CLASS ACTION ALLEGATIONS

19. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

20. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this class action and seek certification of the claims and certain issues in this action on behalf of a Class defined as:

> **All persons who used credit or debit cards at Target Corporation stores in North Dakota and whose personal and/or financial information was breached during the period from on or about November 27, 2013 to on or about December 15, 2013.**

21. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

22. Defendant's practices and omissions were applied uniformly to all members of the Class, including any subclass, so that the questions of law and fact are common to all members of the Class and any subclass.

23. All members of the Class and any subclass were and are similarly affected by the conduct described herein, and the relief sought herein is for the benefit of Plaintiffs and members of the Class and any subclass.

24. Based on Target's sales and popularity, it is apparent that the number of consumers in both the Class and any subclass is so large as to make joinder impractical, if not impossible.

25. Questions of law and fact common to the plaintiff Class and any subclass exist that predominate over questions affecting only individual members, including, *inter alia*:

    a. Whether Defendant acted wrongfully by improperly monitoring, storing and/or failing to properly safeguard its customers' Sensitive Personal Information;

    b. Whether Defendant failed to properly and timely notify the Plaintiffs and Class members directly of the Breach as soon as practical after it was discovered; and

    c. Whether Plaintiffs and Class members have been damaged and, if so, the appropriate relief.

26. The claims asserted by Plaintiffs in this action are typical of the claims of the members of the Plaintiff Class and any subclass, as the claims arise from the same course of conduct or omissions by Defendant and the relief sought within the Class and any subclass is common to the members of each.

27. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass.

28. Plaintiffs have retained counsel competent and experienced in both consumer protection and class action litigation.

29. Certification of this class action is appropriate under Federal Rule of Civil Procedure 23 because the questions of law or fact common to the respective members of the Class and any subclass predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for a fair and efficient decree of the claims.

30. Absent a class action, it would be highly unlikely that the representative Plaintiffs or any other members of the Class or any subclass would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

31. Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the relief sought on behalf of the Class and any subclass as respective wholes. Further, given the large number of Target customers, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

32. A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

33. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## COUNT I

## BREACH OF FIDUCIARY DUTY

34. All preceding paragraphs are realleged as if fully set forth herein. By virtue of their possession, custody and/or control of the Plaintiffs' and Class members' Sensitive Personal Information, and their duty to properly monitor and safeguard it, the Defendant was (and continues to be) in confidential, special and/or fiduciary relationships with the Plaintiffs and

Class members. As fiduciary, the Defendant owed (and continues to owe) to the Plaintiffs and Class members:

    (i)    the commitment to deal fairly and honestly,

    (ii)    the duties of good faith and undivided loyalty, and

    (iii)    integrity of the strictest kind.

The Defendant was (and continues to be) obligated to exercise the highest degree of care in carrying out its responsibilities to the Plaintiffs and Class members under such confidential, special and/or fiduciary relationships.

35. The Defendant breached its fiduciary duties to the Plaintiffs and Class members by, *inter alia*, improperly storing, monitoring and/or safeguarding the Plaintiffs' and Class members' Sensitive Personal Information.

36. To the extent that the Defendant is a fiduciary who did not breach the duties outlined above, such Defendant is nonetheless liable because it had knowledge of the breaches of fiduciary duty committed by other fiduciaries, and did not make reasonable efforts under the circumstances to remedy such fiduciary breaches.

37. To the extent that the Defendant is not a fiduciary, such Defendant is nonetheless liable because it engaged in transactions with a breaching fiduciary under circumstances in which it knew (or should have known) about such fiduciary breaches.

38. The Defendant breached its fiduciary duties to the Plaintiffs and Class members by its wrongful actions described above. The Defendant willfully and wantonly breached its fiduciary duties to the Plaintiffs and Class members or, at the very least, committed these breaches with conscious indifference and reckless disregard of their rights and interests. The Defendant's wrongful actions constitute breach of fiduciary duty.

## COUNT II

## NEGLIGENCE

39.     All preceding paragraphs are realleged as if fully set forth herein.

40.     Defendant was (and continues to be) in confidential, special and/or fiduciary relationships with the Plaintiffs and Class members by virtue of being entrusted with their Sensitive Personal Information. At the very least, therefore, Defendant had a duty to use reasonable means to destroy in a timely manner, and not unnecessarily store, such information. Defendant also had a duty to safeguard such information to keep it private and secure, including a duty to comply with applicable PCI data security standards, card association standards, statutes and/or regulations. Defendant also had a duty to timely inform the Plaintiffs and Class members of the Breach and the fact that their Sensitive Personal Information had been stolen and/or compromised and, upon learning of the Breach, take immediate action to protect Plaintiffs and Class members from the foreseeable consequences of the Breach.

41.     Defendant also knew (or should have known) that its computer network for processing and storing the Sensitive Personal Information had security vulnerabilities. Target was negligent in continuing to accept, process and store such information in light of its computer network vulnerabilities and the sensitivity of the information.

42.     The Breach and the resulting damages suffered by the Plaintiffs and Class members were the direct and proximate result of Defendant's improper retention and storage of the Plaintiffs' and Class members' Sensitive Personal Information, Defendant's failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect such information, Defendant's delay in notifying the Plaintiffs and Class members about the Breach and/or Defendant's failure to take immediate and effective action to protect the

Plaintiffs and Class members from potential and foreseeable damage. Defendant's wrongful actions constitute negligence.

## COUNT III

## NEGLIGENCE PER SE

43. The preceding factual statements and allegations are incorporated herein by reference.

44. Pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, Defendant had a duty to protect and keep Sensitive Personal Information secured from its customers private and confidential.

45. Defendant violated the Act by not adequately safeguarding the Plaintiffs' and Class members' Sensitive Personal Information and/or monitoring and/or ensuring that Defendant complied with PCI data security standards, card association standards, statutes and/or regulations designed to protect such information.

46. Defendant also failed to comply with PCI data security standards, card association standards, statutes and/or regulations prohibiting the storage of unprotected Sensitive Personal Information.

47. Defendant's failure to comply with the Act and/or industry standards and/or regulations constitutes negligence *per se*.

## COUNT IV

## BREACH OF CONTRACT

48. The preceding factual statements and allegations are incorporated herein by reference.

49. The Plaintiffs and Class members were parties to actual or implied contracts with Target that required Target to properly safeguard their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure.

50. The Plaintiffs and Class members also were third party beneficiaries to contracts and/or agreements by and between the Defendant and other card issuing banks, financial institutions and/or credit card associations/networks. These agreements required the Defendant to properly safeguard their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure.

51. The Defendant breached its agreements with Plaintiffs and the Class members and/or other financial institutions or credit card associations by failing to properly safeguard their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure. The Defendant's wrongful conduct constitutes breach of contract.

## COUNT V

## BAILMENT

52. The preceding factual statements and allegations are incorporated herein by reference.

53. The Plaintiffs' and Class members' Sensitive Personal Information is their personal property, which they delivered to the Defendant for the sole and specific purpose of paying for the goods purchased from Target.

54. The Defendant accepted the Plaintiffs' and Class members' Sensitive Personal Information. As bailee, the Target owed a duty to the Plaintiffs and Class members and, in fact, had an express and/or implied contract with them, to use their Sensitive Personal Information only for that period of time necessary to complete their purchases and further, properly protect

their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure in the process.

55. The Defendant breached its duty and/or express and/or implied contracts with the Plaintiffs and Class members by, *inter alia*, improperly storing and inadequately protecting their Sensitive Personal Information from theft, compromise and/or unauthorized disclosure, which directly and/or proximately caused the Plaintiffs and Class members damages arising from breach of the bailment responsibilities.

56. The Defendant's wrongful actions constitute breaches of their duty to (and/or express and/or implied contracts with) the Plaintiffs and Class members arising from the bailment.

## COUNT VI

### VIOLATION OF THE NORTH DAKOTA CONSUMER FRAUD AND UNLAWFUL PRACTICES ACT

57. Plaintiffs fully incorporate by reference all of the above paragraphs, as though fully set forth herein.

58. Target has engaged in unfair or deceptive acts or practices as defined by North Dakota's Consumer Fraud and Unlawful Practices Act, N.D.C.C. § 51-15, by engaging in the acts and practices alleged herein.

59. Target's failure to protect Plaintiffs' and the Class members' payment card data contrary to its privacy policy representations constitutes fraudulent or deceptive conduct in violation of N.D.C.C. § 51-15.

60. Target's representation that it implements and maintains adequate security measures to protect customers' payment card data is precisely the type of information upon

which Plaintiffs and the Class would be expected to rely on in making the decision about whether to provide Target with their payment card data in making a purchase at a Target store.

61. Under the circumstances of this consumer transaction, Target had a duty to speak, and its silence constitutes a violation of North Dakota law.

62. As a direct and proximate result of Target's deceptive, unfair, unconscionable and unlawful conduct, Plaintiffs and the Class have suffered and continue to suffer harm.

63. The above deceptive practices are designed "with the intent that others rely thereon" in connection with their purchases from Target. Accordingly, the deceptive practices violate N.D.C.C. § 51-15-02.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all others similarly situated, pray for relief pursuant to each cause of action set forth in this Class Action complaint, as follows, for:

1. An order certifying that this action may be maintained as a class action, certifying Plaintiffs as the representatives of the Class, and designating their counsel as counsel for the Class.

2. An award of equitable relief as follows:

   a) Enjoining Defendant from engaging in the wrongful conduct described herein regarding the misuse and/or disclosure of Plaintiffs' and Class Members' private information;

   b) Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described herein; and

      c)     Requiring Defendant to disgorge all ill-gotten gains flowing from the conduct described herein.

3. An award of actual damages, compensatory damages, statutory damages, and statuary penalties in an amount to be determined at trial.

4. An award of costs of suit and reasonable attorney's fees as allowable by law.

5. An award of any other relief the Court might deem just, appropriate, or proper.

6. For pre- and post-judgment interest on any amounts awarded.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury on all issues so triable.

**DATED** this 14th day of January, 2013.

                                                        Respectfully Submitted,

                                                        /s/ Mike Miller
MIKE MILLER (ND #03419)
TODD MILLER (ND #06625)
SOLBERG STEWART MILLER
1123 Fifth Avenue South
P.O. Box 1897
Fargo, ND 58107-1897
Phone: 701-237-3166
Fax: 701-237-4627
*Attorneys for Plaintiffs Alissa Farol and Frances Lundblad and the Proposed Class*